**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIAM J. RANDOLPH,<br> Appellant, | DOCKET NUMBER<br>SF-0845-20-0012-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br> MANAGEMENT,<br> Agency. | DATE:  January 16, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>William J. Randolph</u>, Citrus Heights, California, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which reversed and remanded the reconsideration decision of the Office of Personnel Management (OPM) that had reduced the appellant's total service time by the amount of his military service time because he had not waived his military retired

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

pay (MRP). The administrative judge determined that the appellant was entitled to creditable service under the Federal Employees' Retirement System (FERS) for his military service time but only for the periods during which the appellant was on paid leave from his civilian position as a dual status military technician while serving on active military duty. Initial Appeal File (IAF), Tab 21, Initial Decision (ID). On review, the appellant argues that he should also receive credit for the period of time he was on leave without pay (LWOP) from his civilian position while he was serving on active military duty. Petition for Review (PFR) File, Tab 1. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2]

---

[2] In considering the appellant's arguments about the impact of OPM's Handbook, the administrative judge cited to *Chevron, U.S.A., Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837 (1984). The Supreme Court overruled *Chevron* in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). Because the administrative judge gave no deference to the OPM Handbook in his decision, we need not revisit the issue. In any event, we do not find OPM's Handbook inconsistent with the Board's ruling in this case, as a fuller reading of it supports the Board's conclusion that the appellant cannot receive MRP and creditable service for the same time period. *See* OPM, *Civil Service Retirement System and FERS Handbook for Personnel and Payroll Office,* Section 22A3.1-3 (stating that an employee must waive MRP to receive credit for service under FERS subject to certain conditions); *see also id.* at Section 22A4.1-1 (confirming that to receive credit for service an employee must waive MRP), https://www.opm.gov/retirement-center/publications-forms/csrsfers-handbook/c022.pdf.

Therefore, we DENY the petition for review and AFFIRM the initial decision. Consistent with the initial decision, we REVERSE OPM's reconsideration decision and REMAND this matter to OPM to recalculate the appellant's annuity by granting him service credit for the periods of military service during which he was on paid leave from his civilian position.

## ORDER

We ORDER OPM to recalculate the appellant's annuity to include periods of creditable concurrent service when the appellant was on paid leave from his civilian position while in military service. In that decision, OPM shall advise the appellant of the right to file an appeal with the Board if he disagrees with that new decision. *See* 5 U.S.C. §§ 8347(d)(1), 8461(e)(1); 5 C.F.R. §§ 831.110, 841.308. Any such appeal must be filed consistent with the Board's regulations. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD: _____
                Gina K. Grippando
                Clerk of the Board

Washington, D.C.